Sterling A. Brennan (CA State Bar No. 126019)
  E-mail: sbrennan@mabr.com
MASCHOFF BRENNAN GILMORE & ISRAELSEN
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone: (949) 202-1900
Facsimile: (949) 453-1104

David R. Wright (*pro hac vice* application to be submitted)
  E-mail: drwright@foley.com
Michael A. Manookin (*pro hac vice* application to be submitted)
  E-mail: mmanookin@foley.com
FOLEY & LARDNER LLP
299 South Main Street, Suite 2000
Salt Lake City, Utah 84111
Telephone:  (801) 401-8900
Facsimile:   (385) 799-7576

Attorneys for Plaintiff VIVINT, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVINT, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SB IP HOLDINGS, LLC,<br><br>Defendant. | Case No. 8:22-cv-33<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Demand for Jury Trial |

Plaintiff Vivint, Inc. ("Vivint") in their Complaint against SB IP Holdings, LLC ("SBIP") hereby demand a jury trial and allege as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment of non-infringement, invalidity, and unenforceability of seven patents, bearing U.S. Patent Nos.: 9,485,478 attached hereto as Exhibit 1 (the "'478 patent"); 9,432,638 attached hereto as Exhibit 2 (the "'638 patent"); 9,516,284 attached hereto as Exhibit 3 (the "'284 patent"); 9,414,030 attached hereto as Exhibit 4 (the "'030 patent"); 9,648,290 attached hereto as Exhibit 5 (the "'290 patent"); 9,635,323 attached hereto as Exhibit 6 (the "'323 patent"); and 10,674,120 attached hereto as Exhibit 7 (the "'120 patent") (collectively, "SBIP Patents"). Vivint requests declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the patent laws of the United States, 35 U.S.C. § 100 *et seq*., and such other and further relief as the Court deems just and proper.

## PARTIES

2.     Vivint is a corporation organized and existing under the laws of the Utah and having its principal place of business at 4921 North 300 West, Provo, Utah 84604.

3.     On information and belief, SBIP is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1 Jenner, Suite 100, Irvine, California 92618.

4.     On information and belief, SBIP is a wholly owned subsidiary of Skybell Technologies, Inc. ("Skybell").

5.     On information and belief, Skybell is a corporation also having its principal place of business at 1 Jenner, Suite 100, Irvine, California 92618.

## JURISDICTION AND VENUE

6.     This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 8:22-cv-33

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

8.     SBIP purports to be the owner of all rights, title, and interest in and to the SBIP Patents. SBIP filed suit in the United States District Court for the Eastern District of Texas on November 17, 2020 against Vivint Smart Home, Inc. ("Smart Home"), Vivint's parent holding company, asserting patent infringement of the SBIP Patents ("SBIP Complaint"). *See SB IP Holdings, LLC v. Vivint Smart Home, Inc. et al*, Case No. 4:20-cv-00886-ALM ("E.D. Texas Case No. 1"), Dkt. No. 1.

9.     In E.D. Texas Case No. 1, SBIP accused Smart Home of infringing seven patents that claim priority to the SBIP Patents (the "SBIP Priority Patents") through activity related to video doorbells, video doorbell accessories such as control panels and electronic locks, IP cameras (i.e., digital video cameras that record and send video and audio over the internet), and video recording accessories for use with its video doorbells and IP cameras ("Accused Products").

10.     Smart Home does not make, use, offer to sell, sell, or import any Accused Products. Vivint is the operating entity that conducts commercial business related to the Accused Products.

11.     In response to SBIP's allegations against Smart Home in E.D. Texas Case No. 1, Smart Home denied that it made, used, offered to sell, sold, or imported any Accused Product. Additionally, Vivint joined the case by asserting patent infringement claims against Skybell.

12.     Skybell and SBIP filed a motion to dismiss Vivint and Skybell from E.D. Texas Case No. 1 due to objections to venue in the Eastern District of Texas.

13.     During briefing on the motion, Vivint explained that: "The real parties in interest to this lawsuit are SkyBell [Technologies, Inc.] and Vivint[, Inc]. SBIP [Holdings, LLC] and Vivint Smart Home[, Inc.] are holding companies while SkyBell [Technologies, Inc.] and Vivint[, Inc.] are companies that conduct commercial activity."

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 8:22-cv-33

14.     Following briefing for the motion to dismiss, the parties agreed to a stipulation to transfer Vivint's counterclaims against Skybell to the Southern Division of this Court. On November 17, 2021, U.S. District Judge Amos L. Mazzant III entered in E.D. Texas Case No. 1 an Order Granting Joint Stipulation to Transfer Parties and Claims. *See* E.D. Texas Case Dkt. No. 65 (Nov. 17, 2021). In particular, Judge Mazzant ordered that "Vivint, Inc. and all of its counterclaims against Skybell Technologies, Inc. … are transferred to the United States District Court for the Central District of California." *Id.* Judge Mazzant further ordered that Vivint's counterclaims regarding invalidity and non-infringement of the SBIP Priority Patents were dismissed without prejudice. *Id.* On December 17, 2021, Vivint's counterclaims against Skybell were transferred to this Court and assigned to U.S. District Judge George H. Wu, Case No. 2:21-cv-09472 GW-GJS ("C.D. Cal. Case No. 1").

15.     Upon the transfer of Vivint's counterclaims against SkyBell to this Court in C.D. Cal. Case No. 1, SBIP's infringement claims against Smart Home continue in the Eastern District of Texas. After the transfer, SBIP sought production of sales information related to Vivint despite having dismissed Vivint from E.D. Texas Case No. 1. When pressed for relevance of the sales documents of a third-party (i.e., Vivint), on December 9, 2021 SBIP's counsel confirmed that SBIP seeks to hold VSH liable for Vivint's alleged infringement of the SBIP Priority Patents. This communication was the first express accusation from SBIP of direct patent infringement by Vivint. Accordingly, there is a real and substantial controversy regarding whether Vivint, Inc.'s products infringe any valid claim of the SBIP Patents.

16.     Vivint has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the SBIP Patents, either literally or under the doctrine of equivalents. A substantial controversy exists between Vivint and SBIP that is of sufficient immediacy and reality to warrant declaratory relief.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 8:22-cv-33

17.     This Court has personal jurisdiction over SBIP. Skybell's headquarters and principal place of business are in Orange County, California. Further, SBIP has conducted, and does conduct, business in California pertaining to the SBIP Patents.

## THE SBIP PATENTS' FLAWED PRIORITY

18.     The SBIP Patents purportedly share the same specification and claim priority back to U.S. Provisional Patent Application No. 60/418,384 ("'384 application") filed on October 15, 2002.

19.     The SBIP Patents all claim priority through U.S. Patent Application No. 14/670,044 (the "'044 application"), filed with the United States Patent and Trademark Office ("PTO") on March 26, 2015. The '044 application claims priority as a continuation application to U.S. Patent Application No. 14/338,525 (the "'525 application"), filed with the PTO on July 23, 2014.

20.     On August 4, 2014, the PTO mailed a "Notice to File Missing Parts of Nonprovisional Application" (the "Notice") regarding the '525 application and set a two-month deadline for the applicant to file a number of legal documents, pay a variety of fees, and provide application materials, such as drawings that comply with the law and PTO requirements.

21.     According to the Notice, the '525 application would be deemed abandoned if the required documents were not filed, and all required fees paid, by October 6, 2014.

22.     The applicant for the '525 application did not seek or obtain an extension to the October 6, 2014 deadline.

23.     The patent applicant did not file anything with the PTO or pay any fees to the PTO on or before October 6, 2014 deadline.

24.     The '525 application was abandoned on October 7, 2014.

25.     The '044 application (filed on behalf of Eyetalk365, LLC ("Eyetalk")) was filed with the PTO on March 26, 2015 after the '525 application was abandoned.

26.     The '044 application was not co-pending with the '525 application and thus could not claim the benefit of the priority date of the '525 application.

27.     The '044 application's priority date is March 26, 2015.

28.     Each patent for which an application was filed after, and that claims priority through, the '044 application can have a priority date of no earlier than March 26, 2015.

29.     With a priority date of March 26, 2015, the following patents and patent applications qualify as prior art to the SBIP Patents pursuant to 35 U.S.C. § 102: U.S. Patent Application No. 13/453,100, U.S. Patent Application No. 11/929,464, U.S. Patent Application 11/618,615, U.S. Patent Application No. 10/682,185, the '384 application, U.S. Patent No. 8,164,614, U.S. Patent No. 8,154,581, and U.S. Patent No. 7,193,644 (collectively the "Prior SBIP Patents").

30.     The specifications of the SBIP Patents are substantively identical to U.S. Patent No. 8, 154,581.

31.     In an International Trade Commission ("ITC") case, *In the Matter of Certain IP Camera Systems Including Video Doorbells and Components Thereof,* Investigation No. 337-TA-1242, that included SBIP, the ITC confirmed an initial determination ruling that the priority date of the '478 patent is no earlier than March 26, 2015 and as a result each claim of the '478 patent was invalid. Additionally, each claim of each patent claiming priority to the '478 patent is also invalid.

32.     The claims of the SBIP Patents are invalid in view of a number of prior art references including, for example and without limitation, at least U.S. Patent Application Publication US20030025599A1 to Monroe ("Monroe") and International Patent No. WO 01/93220 to Menard ("Menard").

## COUNT I

### (Declaratory Judgment of Noninfringement of the '478 patent)

33.     Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

34.     SBIP claims to be the owner and assignee of the '478 patent.

35.     SBIP has alleged that the Accused Products sold by Vivint infringe one or more of the claims of the '478 patent.

36.     Absent a declaration that any asserted claim of the '478 patent is not infringed by the Accused Products, SBIP will continue to wrongfully assert the '478 patent against Vivint, thereby causing Vivint irreparable harm and injury.

37.     Vivint has not infringed and does not currently infringe, directly or indirectly, any valid and enforceable claim of the '478 patent.

38.     For example, and without limitation, the Accused Products do not include any device for detecting the proximity of objects as required by at least claim 1 of the '478 patent.

39.     An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between the parties as to whether the claims of the '478 patent are infringed by Vivint. A judicial declaration is necessary and appropriate in view of SBIP's allegations.

40.     Based on the foregoing, Vivint hereby requests a declaration that the claims of the '478 patent are not infringed by the Accused Products.

## <u>COUNT II</u>

### (Declaratory Judgment of Invalidity of the '478 patent)

41.     Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

42.     The '478 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

43.     Specifically, all the claims of the '478 patent are anticipated under at least 35 U.S.C. §§ 102 and 103 in view of the prior art or lack a written description as required by 35 U.S.C. § 112.

44.     For example, and without limitation, Menard discloses each limitation of at least claim 1 of the '478 patent. Menard discloses detecting a person at an entrance, transmitting video using a wireless device including a video doorbell, and transmitting the video to a cell phone using a software application. *See* Menard at 31:17-25; 6:30-7:6; 34:29-35:2; 21:11-28; 42:18-31. *See also id.* 3:24-31, 4:10-21, 5:25-6:18, 8:12-21, 13:17-

24, 14:25-15:23, 15:31-16:12, 16:2-17:2, 18:21-30, 19:30-20:12, 21:1-10, 22:14-23, 26:3-9, 27:29-28:6, 30:13-26, 31:17-32:2, 40:23-31, 40:28-41:3, 43:1-45:17.

45.    For example, and without limitation, at least claim 1 of the '478 patent lacks written description support for a "keypad" as the specification does not disclose a one-button keypad.

46.    A judicial declaration that the '478 patent is invalid is necessary and appropriate in view of claims of infringement asserted by SBIP.

## COUNT III

### (Declaratory Judgment of Noninfringement the '638 patent)

47.    Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

48.    SBIP claims to be the owner and assignee of the '638 patent.

49.    SBIP has alleged that the Accused Products sold by Vivint infringe one or more of the claims of the '638 patent.

50.    For example, and without limitation, the Accused Products do not include any device for detecting the proximity of objects as required by at least claim 1 of the '638 patent.

51.    Absent a declaration that any asserted claim of the '638 patent is not infringed by the Accused Products, SBIP will continue to wrongfully assert the '638 patent against Vivint, thereby causing Vivint irreparable harm and injury.

52.    Vivint has not infringed and does not currently infringe, directly or indirectly, any valid and enforceable claim of the '638 patent.

53.    An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between the parties as to whether the claims of the '638 patent are infringed by Vivint. A judicial declaration is necessary and appropriate in view of SBIP's allegations.

54.    Based on the foregoing, Vivint hereby requests a declaration that the claims of the '638 patent are not infringed by the Accused Products.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 8:22-cv-33

## COUNT IV

### (Declaratory Judgment of Invalidity of the '638 patent)

55.    Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

56.    The '638 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

57.    Specifically, all the claims of the '638 patent are anticipated under at least 35 U.S.C. §§ 102 and 103 in view of the prior art or lack a written description as required by 35 U.S.C. § 112.

58.    For example, and without limitation, Menard discloses each limitation of at least claim 1 of the '638 patent. Menard discloses detecting a person at an entrance, transmitting video using a wireless device including a video doorbell, and transmitting the video to a cell phone using a software application, and two-way communication with the visitor at the door. *See* Menard at 31:17-25; 6:30-7:6; 34:29-35:2; 21:11-28; 42:18-31. *See also id*. 3:24-31, 4:10-21, 5:25-6:18, 8:12-21, 13:17-24, 14:25-15:23, 15:31-16:12, 16:2-17:2, 18:21-30, 19:30-20:12, 21:1-10, 22:14-23, 26:3-9, 27:29-28:6, 30:13-26, 31:17-32:2, 40:23-31, 40:28-41:3, 43:1-45:17.

59.    For example, and without limitation, at least claim 1 of the '638 patent lacks written description support for a "keypad" as the specification does not disclose a one-button keypad.

60.    A judicial declaration that the '638 patent is invalid is necessary and appropriate in view of claims of infringement asserted by SBIP.

## COUNT V

### (Declaratory Judgment Noninfringement of the '284 patent)

61.    Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

62.    SBIP claims to be the owner and assignee of the '284 patent.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 8:22-cv-33

63.    SBIP has alleged that the Accused Products sold by Vivint infringe one or more of the claims of the '284 patent.

64.    Absent a declaration that any asserted claim of the '284 patent is not infringed by the Accused Products, SBIP will continue to wrongfully assert the '284 patent against Vivint, thereby causing Vivint irreparable harm and injury.

65.    Vivint has not infringed and does not currently infringe, directly or indirectly, any valid and enforceable claim of the '284 patent.

66.    For example, and without limitation, the Accused Products do not include any device for detecting the proximity of objects as required by at least claim 1 of the '284 patent.

67.    An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between the parties as to whether the claims of the '284 patent are infringed by Vivint. A judicial declaration is necessary and appropriate in view of SBIP's allegations.

68.    Based on the foregoing, Vivint hereby requests a declaration that the claims of the '284 patent are not infringed by the Accused Products.

<u>**COUNT VI**</u>

**(Declaratory Judgment of Invalidity of the '284 patent)**

69.    Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

70.    The '284 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

71.    Specifically, all the claims of the '284 patent are anticipated under at least 35 U.S.C. §§ 102 and 103 in view of the prior art or lack a written description as required by 35 U.S.C. § 112.

72.    For example, and without limitation, Menard discloses each limitation of at least claim 1 of the '284 patent. Menard discloses detection a person at an entrance, transmitting video using a wireless device including a video doorbell, and transmitting

the video to a cell phone using a software application, and two-way communication with the visitor at the door. *See* Menard at 31:17-25; 6:30-7:6; 34:29-35:2; 21:11-28; 42:18-31. *See also id.* 3:24-31, 4:10-21, 5:25-6:18, 8:12-21, 13:17-24, 14:25-15:23, 15:31-16:12, 16:2-17:2, 18:21-30, 19:30-20:12, 21:1-10, 22:14-23, 26:3-9, 27:29-28:6, 30:13-26, 31:17-32:2, 40:23-31, 40:28-41:3, 43:1-45:17.

73.   For example, and without limitation, at least claim 1 of the '284 patent lacks written description support for a "keypad" as the specification does not disclose a one-button keypad.

74.   A judicial declaration that the '284 patent is invalid is necessary and appropriate in view of claims of infringement asserted by SBIP.

## COUNT VIII

**(Declaratory Judgment Noninfringement of the '030 patent)**

75.   Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

76.   SBIP claims to be the owner and assignee of the '030 patent.

77.   SBIP has alleged that the Accused Products sold by Vivint infringe one or more of the claims of the '030 patent.

78.   Absent a declaration that any asserted claim of the '030 patent is not infringed by the Accused Products, SBIP will continue to wrongfully assert the '030 patent against Vivint, thereby causing Vivint irreparable harm and injury.

79.   Vivint has not infringed and does not currently infringe, directly or indirectly, any valid and enforceable claim of the '030 patent.

80.   For example, and without limitation, the Accused Products do not include any device for detecting the proximity of objects as required by at least claim 1 of the '030 patent.

81.   An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between the parties as to whether the claims of the '030 patent are

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 8:22-cv-33

infringed by Vivint. A judicial declaration is necessary and appropriate in view of SBIP's allegations.

82.    Based on the foregoing, Vivint hereby requests a declaration that the claims of the '030 patent are not infringed by the Accused Products.

## COUNT IX

### (Declaratory Judgment of Invalidity of the '030 patent)

83.    Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

84.    The '030 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

85.    Specifically, all the claims of the '030 patent are anticipated under at least 35 U.S.C. §§ 102 and 103 in view of the prior art or lack a written description as required by 35 U.S.C. § 112.

86.    For example, and without limitation, Menard discloses each limitation of at least claim 1 of the '030 patent. Menard discloses detection a person at an entrance, transmitting video using a wireless device including a video doorbell, controlling locks for entrance to a building, and transmitting the video to a cell phone using a software application, and two-way communication with the visitor at the door. *See* Menard at 19:30-20:12; 31:17-25; 6:30-7:6; 34:29-35:2; 21:11-28; 42:18-31. *See also id.* 3:24-31, 4:10-21, 5:25-6:18, 8:12-21, 13:17-24, 14:25-15:23, 15:31-16:12, 16:2-17:2, 18:21-30, 19:30-20:12, 21:1-10, 22:14-23, 26:3-9, 27:29-28:6, 30:13-26, 31:17-32:2, 40:23-31, 40:28-41:3, 43:1-45:17.

87.    For example, and without limitation, at least claim 1 of the '030 patent lacks written description support for a "keypad" as the specification does not disclose a one-button keypad.

88.    A judicial declaration that the '030 patent is invalid is necessary and appropriate in view of claims of infringement asserted by SBIP.

## COUNT X

### (Declaratory Judgment of Noninfringement of the '290 patent)

89.    Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

90.    SBIP claims to be the owner and assignee of the '290 patent.

91.    SBIP has alleged that the Accused Products sold by Vivint infringe one or more of the claims of the '290 patent.

92.    Absent a declaration that any asserted claim of the '290 patent is not infringed by the Accused Products, SBIP will continue to wrongfully assert the '290 patent against Vivint, thereby causing Vivint irreparable harm and injury.

93.    Vivint has not infringed and does not currently infringe, directly or indirectly, any valid and enforceable claim of the '290 patent.

94.    For example, and without limitation, the Accused Products do not include any device for detecting the proximity of objects as required by at least claim 1 of the '290 patent.

95.    An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between the parties as to whether the claims of the '290 patent are infringed by Vivint. A judicial declaration is necessary and appropriate in view of SBIP's allegations.

96.    Based on the foregoing, Vivint hereby requests a declaration that the claims of the '290 patent are not infringed by the Accused Products.

## COUNT XI

### (Declaratory Judgment of Invalidity of the '290 patent)

97.    Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

98.    The '290 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

99.    Specifically, all the claims of the '290 patent are anticipated under at least 35 U.S.C. §§ 102 and 103 in view of the prior art or lack a written description as required by 35 U.S.C. § 112.

100.    For example, and without limitation, Menard discloses each limitation of at least claim 1 of the '290 patent. Menard discloses detection a person at an entrance, transmitting video using a wireless device including a video doorbell, storing recorded video in a database, and transmitting the video to a cell phone using a software application, and two-way communication with the visitor at the door. *See* Menard at 21:11-28; 31:17-25; 6:30-7:6; 34:29-35:2; 21:11-28; 42:18-31. *See also id.* 3:24-31, 4:10-21, 5:25-6:18, 8:12-21, 13:17-24, 14:25-15:23, 15:31-16:12, 16:2-17:2, 18:21-30, 19:30-20:12, 21:1-10, 22:14-23, 26:3-9, 27:29-28:6, 30:13-26, 31:17-32:2, 40:23-31, 40:28-41:3, 43:1-45:17.

101.    For example, and without limitation, at least claim 1 of the '290 patent lacks written description support for a "keypad" as the specification does not disclose a one-button keypad.

102.    A judicial declaration that the '290 patent is invalid is necessary and appropriate in view of claims of infringement asserted by SBIP.

## COUNT XII

### (Declaratory Judgment of Noninfringement of the '323 patent)

103.    Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

104.    SBIP claims to be the owner and assignee of the '323 patent.

105.    SBIP has alleged that the Accused Products sold by Vivint infringe one or more of the claims of the '323 patent.

106.    Absent a declaration that any asserted claim of the '323 patent is not infringed by the Accused Products, SBIP will continue to wrongfully assert the '323 patent against Vivint, thereby causing Vivint irreparable harm and injury.

107.    Vivint has not infringed and does not currently infringe, directly or indirectly, any valid and enforceable claim of the '323 patent.

108.    For example, and without limitation, the Accused Products do not include any device for detecting the proximity of objects as required by at least claim 1 of the '323 patent.

109.    An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between the parties as to whether the claims of the '323 patent are infringed by Vivint. A judicial declaration is necessary and appropriate in view of SBIP's allegations.

110.    Based on the foregoing, Vivint hereby requests a declaration that the claims of the '323 patent are not infringed by the Accused Products.

## COUNT XIII

### (Declaratory Judgment of Invalidity of the '323 patent)

111.    Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

112.    The '323 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

113.    Specifically, all the claims of the '323 patent are anticipated under at least 35 U.S.C. §§ 102 and 103 in view of the prior art or lack a written description as required by 35 U.S.C. § 112.

114.    For example, and without limitation, Menard discloses each limitation of at least claim 1 of the '323 patent. Menard discloses detection a person at an entrance, transmitting video using a wireless device including a video doorbell, storing recorded video in a database, and transmitting the video to a cell phone using a software application, and two-way communication with the visitor at the door. *See* Menard at 21:11-28; 31:17-25; 6:30-7:6; 34:29-35:2; 21:11-28; 42:18-31. *See also id.* 3:24-31, 4:10-21, 5:25-6:18, 8:12-21, 13:17-24, 14:25-15:23, 15:31-16:12, 16:2-17:2, 18:21-30, 19:30-

20:12, 21:1-10, 22:14-23, 26:3-9, 27:29-28:6, 30:13-26, 31:17-32:2, 40:23-31, 40:28-41:3, 43:1-45:17.

115.    For example, and without limitation, at least claim 1 of the '323 patent lacks written description support for a "keypad" as the specification does not disclose a one-button keypad.

116.    A judicial declaration that the '323 patent is invalid is necessary and appropriate in view of claims of infringement asserted by SBIP.

## COUNT XIV

### (Declaratory Judgment of Noninfringement of the '120 patent)

117.    Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

118.    SBIP claims to be the owner and assignee of the '120 patent.

119.    SBIP has alleged that the Accused Products sold by Vivint infringe one or more of the claims of the '120 patent.

120.    Absent a declaration that any asserted claim of the '120 patent is not infringed by the Accused Products, SBIP will continue to wrongfully assert the '120 patent against Vivint, thereby causing Vivint irreparable harm and injury.

121.    Vivint has not infringed and does not currently infringe, directly or indirectly, any valid and enforceable claim of the '120 patent.

122.    For example, and without limitation, the Accused Products do not store streaming video as required by at least claim 1 of the '120 patent.

123.    An actual, substantial, and justiciable controversy of sufficient immediacy and reality exists between the parties as to whether the claims of the '120 patent are infringed by Vivint. A judicial declaration is necessary and appropriate in view of SBIP's allegations.

124.    Based on the foregoing, Vivint hereby requests a declaration that the claims of the '120 patent are not infringed by the Accused Products.

## COUNT XV

### (Declaratory Judgment of Invalidity of the '120 patent)

125.   Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

126.   The '120 patent is invalid under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

127.   Specifically, all the claims of the '120 patent are anticipated under at least 35 U.S.C. §§ 102 and 103 in view of the prior art or lack a written description as required by 35 U.S.C. § 112.

128.   For example, and without limitation, Menard discloses each limitation of at least claim 1 of the '120 patent. Menard discloses detection a person, transmitting video using a wireless device including a camera, storing recorded video in a database, and transmitting the video to a cell phone using a software application, controlling parameters of a device, and displaying icons on the software application. *See* Menard at 8:28-29; 21:11-28; 31:17-25; 6:30-7:6; 34:29-35:2; 21:11-28; 42:18-31. *See also id.* 3:24-31, 4:10-21, 5:25-6:18, 8:12-21, 13:17-24, 14:25-15:23, 15:31-16:12, 16:2-17:2, 18:21-30, 19:30-20:12, 21:1-10, 22:14-23, 26:3-9, 27:29-28:6, 30:13-26, 31:17-32:2, 40:23-31, 40:28-41:3, 43:1-45:17.

129.   A judicial declaration that the '120 patent is invalid is necessary and appropriate in view of claims of infringement asserted by SBIP.

## COUNT XVI

### (Declaratory Judgment of Unenforceability of the SBIP Patents for Inequitable Conduct)

130.   Vivint repeats and realleges the allegations in paragraphs 1–32 as though fully set forth herein.

### Inequitable Conduct Based on Knowingly Filing a False Application Data Sheet

131.   The applicant's attorney for the '044 application, Bobby Braxton, submitted an Application Data Sheet ("ADS") for the '044 application on March 26, 2015.

132.    The March 26, 2015 ADS listed the status of the '525 application as "pending" when the '525 application was abandoned on October 7, 2014.

133.    Braxton knew or should have known the '525 application was abandoned on October 7, 2014 due to the failure to reply to the August 4, 2014 Notice of Missing parts or to pay fees associated with the '525 application.

134.    Had the PTO been informed, as it should have been by the applicant, that the '044 application was not co-pending with the '525 application, the '044 application would not have issued as the '478 patent.

135.    On the information and belief, the applicant and its attorney intentionally submitted an ADS falsely claiming that the '525 application was pending in order to deceive the PTO, thereby constituting inequitable conduct.

### Inequitable Conduct Based on
### Failure to Disclose Priority Date Disputes

136.    Eyetalk filed patent infringement suits against a number of parties, including a suit against Zmodo Technology Co. Ltd., alleging patent infringement of, *inter alia*, the '638 patent, in the United States District Court for the Western District of North Carolina. *See Eyetalk365, LLC v. Zmodo Technology Corporation, Ltd*., 3:16-cv-00789, Dkt. No. 1 (Nov. 14, 2016).

137.    Zmodo filed a motion for summary judgment, arguing that the '044 application was not co-pending with the '525 application on January 31, 2017. *Id*., Dkt. No. 20.

138.    Eyetalk never disclosed Zmodo's arguments to the PTO.

139.    Eyetalk also filed suit in the Western District of North Carolina against Skybell alleging infringement of at least the '478 patent. *See Eyetalk365, LLC v. SkyBell Technologies, Inc*., 3:16-cv-00702, Dkt. No. 1 (October 3, 2016).

140.    On May 24, 2017, in its Amended Answer, Skybell alleged that:

> The claims of the '478 patent are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without

limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of example and without limitation, the claims are invalid at least because (a) the claims are not directed to patentable subject matter because they claim an abstract idea, (b) the claims are invalid based on the disclosures and teachings of the prior art, and (c) one of the inventors – Emmanuel Ozoeneh – was knowingly omitted as a named inventor of the '478 patent and the patents to which the '478 patent claims priority.

The '478 patent claims priority to the '644 patent, but the '478 patent is not entitled to the priority date of the '644 patent because there is no support in the '644 patent for the following claim limitations, including, without limitation:  (1) providing a "graphical user interface" on a peripheral device and, in some cases, using a software application running at the computerized controller to do so; (2) transmitting, viewing, or receiving "streaming video" on or to the remote peripheral devices; (3) transmitting "digital streaming video" from the exterior module to the computerized controller; and (4) executing or running software applications on remote peripheral devices which are configured to perform various functions. Given that the '478 patent is not entitled to the priority date of the '644 patent, the priority date of the '478 patent is no earlier than December 29, 2006 (if not later). The '478 patent is anticipated by and/or rendered obvious by U.S. Patent No. 7,583,191.

Still further, the '478 patent is not entitled to an earlier priority date because one of the earlier-filed applications (U.S. Patent App No. 14/338,525) was abandoned while there were no other applications pending and, thus, there was no co-

pendency between two of the applications to which the '478 patent claims priority. The actual priority date for the '478 patent is March 26, 2015, and as a result, several patents to which the '478 patent claims priority are prior art to under 35 U.S.C. § 102(a)(1).

*Id.*, Dkt. No. 18 ¶¶ 25-27.

141. Skybell, SBIP, and Eyetalk never disclosed any of the above contentions to the PTO during the examinations of at least U.S. Patent No. 8, 866,802 ("the '802 patent"), which claims priority to the '478 patent.

142. At least the '802 patent would not have issued if the PTO was made aware that the '525 application was not pending when the '044 application was filed, nor would any patent that claims priority to the '802 patent.

143. At least the '290, '323, and '120 patents claim priority to the '802 patent.

144. The failure to disclose Zmodo's and Skybell's invalidity contentions was material and on information and belief an intentional act intended to deceive the PTO, thereby constituting inequitable conduct.

**Inequitable Conduct**
**Based on False Inventorship**

145. On information and belief, in 2002, Ronald Carter (the only named inventor on the SBIP Patents) approached Emmanuel Ozoeneh. Carter identified problems associated with missing deliveries from UPS and FedEx when he was not at home. According to Ozoeneh, Carter had a general idea of the problem to be solved but he had no technical expertise to solve it. Ozoeneh, on the other hand, did have the technical expertise to solve the problem. The two then proceeded to meet on a regular basis to discuss the idea for a voice and video monitoring system and later sought counsel for patent protection.

146. On information and belief, Carter and Ozoeneh hired the law firm Dougherty & Clements to prosecute a patent. After several meetings, attorney Jason S. Miller of the law firm Dougherty & Clements filed provisional patent application

No. 60/418,384, on October 15, 2002, listing both Carter and Ozoeneh as co-inventors. After the provisional patent application was filed, Carter told Ozoeneh that he, in turn, had been told by the patent prosecutors that the invention was unpatentable, and that Carter no longer wanted to pursue this endeavor. Carter also told Ozoeneh that Dougherty & Clements had disintegrated and that they could no longer work with the law firm. Carter then had little or no contact with Ozoeneh, despite Ozoeneh's attempts to contact him. Contrary to Carter's assertion to Ozoeneh, however, Carter did not abandon the claimed invention. Nor did Dougherty & Clements immediately disintegrate. Instead, Carter continued to pursue patent protection. In October 2003, Dougherty & Clements filed a nonprovisional application, Application No. 10/682,185 ("the '185 application"), on behalf of Carter alone and without Ozoeneh's knowledge or approval. This patent application eventually matured into U.S. Patent No. 7,193,644 and is the basis for all the SBIP Patents, which lists Carter as the sole inventor.

147.    On information and belief, Ozoeneh invented at least "having a computer and software to control the unit, making the device communicable with a mobile phone, a motion sensor, a camera, and a device for keeping a record of visitors."

148.    Ozoeneh is at least co-inventor of each of the SBIP Patents.

149.    On information and belief, Ozoeneh was intentionally omitted as a correct inventor on each of the SBIP Patents.

150.    Upon information and belief, Carter knowingly and with intent to deceive signed false declarations claiming to be the sole inventor of the inventions claimed in the applications that issued as the SBIP Patents when he was fully aware that Ozoeneh was at least a joint inventor of the inventions. Submitting an unmistakably false oath or declaration regarding the inventorship of an invention is per se material. On October 9, 2003, Carter's attorney filed the '185 application with the PTO at Carter's direction. The '185 application described and claimed an "Automated Audio Video Messaging and Answering System." The '185 application claimed priority to a provisional application, No. 60/418,384 that named both Carter and Ozoeneh as inventors. The application

included a signed declaration from Carter, dated September 23, 2003, stating that he believed he was the sole inventor of the subject matter claimed in the '185 application.

151.   The intentional omission of Ozoeneh as an inventor on each of the SBIP Patents is material and on information and belief was done to mislead the PTO constituting inequitable conduct. Accordingly, each of the SBIP Patents is unenforceable.

**Inequitable Conduct**
**Based on Filing a False Declaration**

152.   On November 24, 2021, SBIP filed with the PTO a petition to revive the '525 application, claiming the entire delay between abandonment and filing such petition was unintentional. The petition was supported by a declaration from Ross Helfer, manager for Eyetalk.

153.   The delay period was not unintentional, and SBIP's representation to the PTO that it was is false.

154.   Eyetalk was aware that the '525 application had been abandoned at least as early as April 7, 2015 when informed of abandonment by the PTO.

155.   Eyetalk has been aware of the arguments regarding the invalidity of the '478 patent due to the abandonment of the '525 application since at least January 2017.

156.   SBIP's parent (Skybell) itself alleged in 2018 that the '478 patent is invalid due to the abandonment of the '525 application. *See Eyetalk365, LLC v. SkyBell Technologies, Inc*., 3:16-cv-00702, Dkt. No. 18, ¶¶ 25-27 (May 24, 2017).

157.   On information and belief, SBIP falsely represented to the PTO that the entire delay period was unintentional in order to wrongfully obtain patent rights in the SBIP Patents.

158.   The intentional misrepresentation that the delay was unintentional is material and on information and belief was done to mislead the PTO.

159.   SBIP and Ross Helfer committed inequitable conduct in petitioning the PTO to revive the '525 application, claiming "unintentional delay" in filing the petition to revive the '525 application.

### Inequitable Conduct based on Tainting

160.   At least the '525 application and the '478 patent are unenforceable due to inequitable conduct for the reasons stated above. Accordingly, each of the SBIP Patents, which all claim priority to the '525 application or the '478 patent, are also unenforceable due to the inequitable conduct related to the '525 application or the '478 patent.

### PRAYER FOR RELIEF

Vivint prays that the Court grant its relief by entering a judgment in its favor, and against SBIP, on each of its claims for relief, and specifically:

A.   a declaration that the Accused Products do not infringe any claim of the '478 patent;

B.   a declaration that all claims of the '478 patent are invalid;

C.   a declaration that the Accused Products do not infringe any claim of the '638 patent;

D.   a declaration that all claims of the '638 patent are invalid;

E.   a declaration that the Accused Products do not infringe any claim of the '284 patent;

F.   a declaration that all claims of the '284 patent are invalid;

G.   a declaration that the Accused Products do not infringe any claim of the '030 patent;

H.   a declaration that all claims of the '030 patent are invalid;

I.   a declaration that the Accused Products do not infringe any claim of the '290 patent;

J.   a declaration that all claims of the '290 patent are invalid;

K.   a declaration that the Accused Products do not infringe any claim of the '323 patent;

L.   a declaration that all claims of the '323 patent are invalid;

M.   a declaration that the Accused Products do not infringe any claim of the '120 patent;

N.   a declaration that all claims of the '120 patent are invalid;

O.   a declaration that the '478 patent is unenforceable due to inequitable conduct;

P.   a declaration that the '638 patent is unenforceable due to inequitable conduct;

Q.   a declaration that the '284 patent is unenforceable due to inequitable conduct;

R.   a declaration that the '030 patent is unenforceable due to inequitable conduct;

S.   a declaration that the '290 patent is unenforceable due to inequitable conduct;

T.   a declaration that the '323 patent is unenforceable due to inequitable conduct;

U.   a declaration that the '120 patent is unenforceable due to inequitable conduct;

V.   award Vivint it costs of suit, expenses, and attorney's fees; and

W.   award Vivint such other and further relief as the Court may deem just and proper.

/ / /

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT
Case No. 8:22-cv-33

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Vivint hereby requests a trial by jury of all issues properly triable by jury.

DATED:  January 7, 2022

/s/ *Sterling A. Brennan*
MASCHOFF BRENNAN
GILMORE & ISRAELSEN
Sterling A. Brennan

FOLEY & LARDNER LLP
David R. Wright
Michael A. Manookin